**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROBERT H. MCNEIL JR., | DOCKET NUMBER |
| Appellant, | NY-0714-20-0040-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE:  October 30, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Ena Thompson</u>, Jamaica, New York, for the appellant.

<u>Jane Yoon</u>, Brooklyn, New York, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to prosecute.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant was employed as an Air Conditioning Equipment Operator with the agency until he was removed from his position, effective December 11, 2019, pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat 862, 869-73 (codified as amended at 38 U.S.C. § 714), based on a charge of conduct unbecoming an employee and a charge of providing a false statement during an investigation.  Initial Appeal File (IAF), Tab 9 at 18-21, 50-53.  He timely filed the instant Board appeal challenging his removal and requested a hearing on his appeal.[2]  IAF, Tab 1.  During the processing of the appeal, the administrative judge discovered that the appellant had an ongoing criminal case related to the matters at issue in his Board appeal, so she ordered the appellant to provide information concerning the status of his criminal case, noting that the Board generally does not proceed with the processing of an appeal when there is a pending related criminal matter and that the appeal might need to be to be dismissed without prejudice to refiling.  IAF, Tabs 10, 13.

---

[2] The removal decision is dated December 5, 2019, with an effective date of December 11, 2019.  IAF, Tab 9 at 18.  The appellant electronically filed his Board appeal on December 5, 2019, prior to the December 11, 2019 effective date, and therefore, his Board appeal was prematurely filed by 6 days.  IAF, Tab 1.  Nevertheless, "[t]he Board's practice is to adjudicate an appeal that was premature when filed but becomes timely while pending before the Board." *Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 9 (2004).  Therefore, any error by the administrative judge in failing to dismiss the appeal was harmless because the appeal became ripe for adjudication upon the effective date of the removal, 6 days after the appeal was filed. *See Gutierrez v. Department of the Treasury*, 99 M.S.P.R. 141, ¶ 3 n.1 (2005) (concluding that a premature probationary termination appeal became timely upon the effective date of the termination); *Groshans v. Department of the Navy*, 67 M.S.P.R. 629, 632-33 n.2 (1995) (determining that a premature removal appeal became ripe for adjudication upon the effective date of the removal).

¶3        After the appellant provided evidence that his criminal appeal was ongoing, on February 10, 2020, the administrative judge issued a notice stating that she intended to suspend the appeal for 30 days to allow for resolution of the ongoing criminal matter.  IAF, Tabs 17-18.  Having received no objection to the proposed suspension, the administrative judge suspended case processing for 30 days, effective February 18, 2020.  IAF, Tab 19.  On April 2, 2020, the administrative judge issued an order restoring the case to the active calendar and instructing the appellant to provide an update regarding the status of his criminal case on or before April 9, 2020.  IAF, Tab 20.  After receiving no reply, the administrative judge issued a second order on April 21, 2020, instructing the appellant to reply on or before April 24, 2020, and a third order on April 24, 2020, providing him a final opportunity to reply on or before April 29, 2020.  IAF, Tabs 21-22.  Each order noted that a failure to comply with Board orders could result in dismissal of the appeal for failure to prosecute.  *Id.*; *see* 5 C.F.R. § 1201.43(b).  Citing the appellant's "repeated failure to respond to multiple orders," on May 1, 2020, the administrative judge dismissed the appeal with prejudice as a sanction for failure to prosecute the appeal.  IAF, Tab 23, Initial Decision (ID).

¶4        The appellant has timely filed a petition for review of the initial decision dismissing his appeal for failure to prosecute.  Petition for Review (PFR) File, Tab 1 at 4.  The agency has not submitted a response to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        On review, the appellant asserts that he timely responded to the administrative judge by submitting a letter from his attorney concerning the status of his criminal case by facsimile on April 27, 2020, and so his appeal should not have been dismissed for failure to prosecute.  *Id.* at 4.  The appellant avers that he spoke with a paralegal specialist on April 27, 2020, who informed him that she had received the facsimile and was placing it on the administrative judge's desk.  *Id.*  With his petition for review, the appellant attaches the letter from his attorney

in the criminal case, dated March 19, 2020, confirming that on March 17, 2020, the two pending criminal cases against the appellant were dismissed and that a disposition of the cases should be registered with the relevant authorities within a few weeks. *Id.* at 8.

<u>The sanction of dismissal for failure to prosecute was not warranted in this case.</u>

¶6    As the administrative judge correctly observed, the sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011); 5 C.F.R. § 1201.43(b). However, such a severe sanction should be imposed only if a party has failed to exercise basic due diligence in complying with the Board's orders or has exhibited negligence or bad faith in his efforts to comply. *Id.*, ¶¶ 7-8; *see Toombs v. Department of the Army*, 69 M.S.P.R. 78, 81 (1995) (observing that dismissal for failure to prosecute is the most severe sanction available). The Board will not reverse an administrative judge's determination regarding sanctions absent an abuse of discretion. *Williams*, 116 M.S.P.R. 377, ¶ 7.

¶7    As previously noted, in his petition for review, submitted under penalty of perjury, the appellant asserts that he filed the letter confirming that his criminal cases had been closed by a facsimile sent to the administrative judge on April 27, 2020—two days before the April 29, 2020 deadline identified by the administrative judge in her final order. PFR File, Tab 1 at 3-5, 8; IAF, Tab 22 at 2. The attached letter, which was signed by the appellant's attorney in his criminal case, clearly states that the criminal matters were closed as of March 17, 2020, which is consistent with the previous letter faxed to the administrative judge's attention on February 7, 2020, noting that the criminal case had been postponed to March 17, 2020, and that the case could be resolved on that date. PFR File, Tab 1 at 8; IAF, Tab 17 at 2. Additionally, the appellant specifically identifies by name the paralegal specialist who he alleges informed him that she was placing the facsimile on the administrative judge's desk to be included in the

record, and he unequivocally expresses his desire to continue pursuing his Board appeal. PFR File, Tab 1 at 5-6.

¶8 We credit the appellant's assertion submitted under penalty of perjury that he timely faxed the letter confirming that his criminal case had been dismissed on April 27, 2020. *Id.* at 4-5, 8. Based on the record before us, we cannot conclude that the appellant failed to exercise basic due diligence in complying with the Board's orders, and so we conclude that the extreme sanction of dismissal for failure to prosecute did not serve the ends of justice in this case. *See Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶¶ 11, 14 (2010). Accordingly, we vacate the initial decision and remand the appeal to the field office for further adjudication.

<u>On remand, the administrative judge should consider recent precedent from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) and the Board in developing the record and issuing a new initial decision.</u>

¶9 After the initial decision in this case was issued, the Federal Circuit issued its decision in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action taken under 38 U.S.C. § 714.[3] The court in *Rodriguez* found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that an agency's deciding official must determine whether "the performance or misconduct . . . warrants" the action at issue, applying a preponderance of the evidence burden of proof. *Id.* at 1296-1301 (quoting 38 U.S.C. § 714(a)(1)).

¶10 The Board subsequently issued its decision in *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 21-24, in which it found that it was

---

[3] The VA Accountability Act was signed into law on June 23, 2017, prior to all of the events at issue in this appeal, and so retroactivity considerations are not implicated in this appeal. *See Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1380-82 (Fed. Cir. 2020) (concluding that applying 38 U.S.C. § 714 to conduct that occurred prior to its enactment would have an impermissible retroactive effect and so the Department of Veterans Affairs may not use the VA Accountability Act to discipline employees for matters that occurred prior to the Act's effective date).

appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to an agency's improper application of the substantial evidence standard to its review of proposed actions taken under 38 U.S.C. § 714.

¶11 In *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-27 (Fed. Cir. 2021), the Federal Circuit determined that the agency and the Board must consider and apply the non-exhaustive factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in reviewing an agency's penalty selection under 38 U.S.C. § 714. *See Semenov*, 2023 MSPB 16, ¶¶ 44-50 (stating that, consistent with the Federal Circuit's decision in *Connor*, 8 F.4th at 1325-26, the agency and the Board must apply the *Douglas* factors in reviewing the penalty in an action taken under 38 U.S.C. § 714). The court held that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors" and that, although the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor*, 8 F.4th at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that, "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings")).

¶12 The removal decision letter appears to indicate that the deciding official applied a substantial evidence standard in sustaining the removal action. IAF, Tab 9 at 18. Additionally, the decision letter does not identify whether the deciding official considered the relevant *Douglas* factors in deciding to remove the appellant. *Id.* Because the administrative judge dismissed the appeal for failure to prosecute without holding the appellant's requested hearing, the parties were not afforded the opportunity to develop the record on these issues, and so

the administrative judge should permit the parties to supplement the record regarding these issues on remand.

## **ORDER**

¶13    For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _Gina K. Grippando_
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.